**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT ALMBLAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  1:13 -cv-01297 |
| | ) | |
| | ) | |
| SCOTSMAN INDUSTRIES, INC., and | ) | |
| KEVEN FINK, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STAY

Now comes the plaintiff, Robert Almblad and in response to the Motion to Stay with supporting Memorandum filed by the defendants, Scotsman Industries, Inc. and Kevin Fink, says:

**I.      Introduction**

The defendants have filed a Motion to Stay Discovery Pending Resolution of Motion to Dismiss (Motion to Stay).   The court has entered an order (Document #28) setting a briefing schedule for the Motion to Dismiss allowing, inter-alia, the plaintiff until June 12, 2013, to file a response, with a status hearing for ruling set on August 28, 2013.

Defendants' Memorandum in support of their Motion to Stay contains a litany of unverified, unsupported and disputed assertions about the plaintiff, designed to

attempt to personally tarnish him. The defendants' Memorandum in support of the Motion to Stay is as much a back door supplement to the Motion to Dismiss as it is an argument in support of staying discovery.


II.     **The Plaintiff's Objection to Motion to Stay**

The defendants have inflated the alleged scope of the discovery sought by the plaintiff while a motion to dismiss is pending. No depositions are sought. The defendants correctly note that the plaintiff seeks document discovery of other claims or claims against additional parties. (Defs' Memorandum, p. 8). Defense counsel was told of the plaintiff's concern regarding a claim lapsing because of the statute of limitations.

The plaintiff disclosed his inventions, designed to correct an airflow contaminate problem in existing commercial ice machines, to ice machine manufacturers at a trade show approximately one year before publication of the defamatory statements of February 28, 2012, that are the subject of the pending First Amended Complaint. The plaintiff seeks to determine whether in the approximate one year prior to the publication of February 28, 2012, there was any collaboration between the defendant Scotsman and others to falsely disparage the plaintiff's inventions in a manner giving rise to other claims against Scotsman intertwined with the pending claims or related claims against other entities.

The plaintiff only seeks at this time any documents reflecting discussions internally within Scotsman or with third parties as to the merits of Robert Almblad's

inventions or the potential economic impact upon the ice machine industry of Robert Almblad's inventions. Such a production should only entail a tolerable expense and would allow the plaintiff to identify or rule out other claims or parties within any applicable statute of limitations.

WHEREFORE, the plaintiff, Robert Almblad, respectfully moves that discovery not be stayed as to documents within the scope set forth herein.

Respectfully submitted,

By: /s/ Nicholas J. Motherway

**Motherway & Napleton, LLP**
Attorneys for Plaintiff
140 S. Dearborn Street, Suite 1500
Chicago, IL 60603
(312) 726-2699
nmotherway@mnlawoffice.com