UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT ALMBLAD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 13-cv-1297 |
| SCOTSMAN INDUSTRIES, INC. and KEVIN FINK, | ) ) ) Judge John W. Darrah |
| Defendants. | ) ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert Almblad filed suit against Defendants Scotsman Industries, Inc. and Kevin Fink on February 19, 2013. Almblad amended his complaint with leave of the Court on April 15, 2013. Almblad asserts two claims against Defendants: (1) defamation and (2) false advertising, in violation of the Lanham Act, 15 U.S.C. § 1125. Defendants move to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted. The Motion has been fully briefed. For the reasons provided below, Defendants' mMotion is granted in part and denied in part.

### BACKGROUND

The following facts are based on the Complaint and are accepted as true for purposes of the Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Almblad is a citizen of Florida. (Am. Compl. ¶ 4.) Scotsman is a Delaware corporation with its principal place of business in Vernon Hills, Illinois. (*Id.* ¶ 1.) Fink is the Group Managing Director of Scotsman and a resident of Colorado. (*Id.* ¶ 3.) The amount in controversy exceeds $75,000.00; accordingly, jurisdiction exists pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship among the parties.

Scotsman is in the business of manufacturing ice machines for commercial use. (*Id.* ¶ 2.) Prior to February 28, 2012, Almblad initiated a process whereby he determined that ice made from commercial machines, like Scotsman's machines, was contaminated "because the design of such machines allowed for the intake of sewer gas" during the ice manufacturing process. (*Id.* ¶ 6.) Almblad informed Scotsman and other ice machine manufacturers of this contamination. (*Id.*) Almblad invented and developed a device for commercial ice machines that eliminated this contamination. (*Id.* ¶ 7.) He made this device available to Scotsman for licensing. (*Id.* ¶ 8.)

On or about February 28, 2012, Scotsman composed a written defamatory statement for dissemination to the public, falsely asserting that its products did not have the design defect identified by Almblad. (*Id.* ¶ 9.) This statement further falsely asserted Almblad made false claims about his own inventions; "among other things Scotsman Industries Inc. falsely asserted that engineering testing was conducted and it was determined that Scotsman Industries, Inc.'s ice machines did not draw in sewer gas from drains and also that its ice machines were equipped with a component that prevents dust from entering a food zone of the machines . . ." rendering Almblad's inventions unnecessary. (*Id.*) That same day, a telephone conference was held by NSF[1], a Michigan based standards organization, among representatives of ice machine manufacturers and the general public. (*Id.* ¶ 10.) During this phone conference, Fink, on behalf of Scotsman, verbally disseminated the defamatory written statement described above. (*Id.*) The defamatory statements intended to and did cause injury and financial loss to Almblad, diminishing his reputation in the ice machine industry. (*Id.* ¶ 11.)

---

[1] Defendants assert in their Motion that NSF is accredited to develop American National Standards for commercial ice-making equipment. (Mem. in Support of Mot. at 2.)

Almblad does not provide a copy of Fink's statement with his Amended Complaint, though Defendants attached it to their Motion, and it is properly considered part of the pleadings as it is central to Almblad's claim of defamation. *Lott v. Levitt*, 556 F.3d 564, 567 (7th Cir. 2009) (citing *Continental Cas. Co. v. American National Insurance Co.*, 417 F.3d 727, 731 n.3 (7th Cir. 2005)). In this statement, Fink provided that Scotsman "appreciate[d] the opportunity to address Mr. Almblad's erroneous claims and mischaracterizations that are meant to serve his commercial purposes." (Mem. in Support of Mot. Ex. A at 3.) Fink went on: "[O]ur testing refutes Mr. Almblad's claims. In particular, his claim that gases are being sucked from floor drains into the equipment is just flat wrong. None of our machines do this. . . . Mr. Almblad has no scientific or medical evidence, and our experts cannot find anything in any medical or scientific study, describing a single occurrence in which airborne contamination infected an ice machine and caused an illness." (*Id.* at 2-3.) Fink further stated that "Mr. Almblad misinterprets the FDA Food Code to suit his commercial purposes." (*Id.* at 3.)

In addition to the claim of defamation against Scotsman and Fink, Almblad asserts Scotsman violated the Lanham Act, by making "false or misleading representations of fact and in commercial promotion of its goods misrepresented the nature, characteristics and qualities of its goods and those of Robert Almblad." (Am. Compl. at 6.) Due to Scotsman's actions in that regard, Almblad asserts potential licensees of his inventions were misled as to the value of his inventions and discouraged from transacting business with him. (*Id.*) Almblad seeks $200 million in damages on each count in his Amended Complaint.

Defendants move to dismiss Almblad's claims, contending Almblad cannot state a claim against Defendants upon which relief may be granted.

## LEGAL STANDARD

To properly assert a claim in a complaint, the plaintiff must present "a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought." Fed. R. Civ. P. 8. Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a court is to accept all allegations contained in a complaint as true, this principle does not extend to legal conclusions. *Iqbal*, 129 S. Ct. at 1949.

A defendant may file a motion to dismiss a claim under Federal Rule 12(b)(6) for failure to state a claim upon which relief may be granted. To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual matter to state a claim for relief that is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

However, "[w]here the well-settled pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950. For a claim to be plausible, the plaintiff must put forth enough "facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Twombly*, 550 U.S. at 556).

## ANALYSIS

*Defamation Claim*

"A federal court sitting in diversity applies the choice of law rules of the state in which it sits. . . . [I]n multistate defamation cases, Illinois cases indicate that 'the applicable law is that of the victim's domicile, period.'" *Cook v. Winfrey*, 141 F.3d 322, 329 (7th Cir. 1998) (quoting *Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 916 (7th Cir. 1994), *cert. denied*, 514 U.S. 1111 (1995)). Therefore, the applicable law as to Almblad's defamation claim is the law of his domicile – Florida. "To state a claim for defamation under Florida law, a plaintiff must allege that '(1) the defendant published a false statement (2) about the plaintiff (3) to a third party and (4) that the falsity of the statement caused injury to the plaintiff.'" *Basile v. Massaro*, Case No. 6:10-cv-993-Orl-36DAB, 2012 WL 3940282, at *7 (M.D. Fla. Sept. 10, 2012) (quoting *Valencia v. Citibank Int'l*, 728 So.2d 330, 330 (Fla. 3d DCA 1999)).

Defendants move to dismiss Almblad's defamation claim on the basis that none of the statements made by Fink on behalf of Scotsman were actually defamatory to him. In particular, Defendants contend that much of what Fink stated about Almblad and whether or not his products were necessary to keep Scotsman's ice machines compliant with regulations was "pure opinion" and "[w]hether a statement constitutes pure opinion is a question of law." (Mem. in Support of Mot. at 8.) Defendants further contend Fink's statement was protected by the First Amendment. (*Id.* at 9-10.)

Defendants' argument regarding whether the statements made by Fink on behalf of Scotsman are actually defamatory is premature. All that is required of Almblad at the pleading stage is the allegation that Defendants published a false statement about Almblad to a third party, and the falsity of this statement injured Almblad. Almblad has sufficiently pled as much in his

Amended Complaint; he alleges Fink, on behalf of Scotsman, published statements to third parties by "falsely asserting that Robert Almblad was making false claims about his own inventions for his commercial advantage . . . ." (Am. Compl. ¶¶ 9-10.) Almblad further alleges these defamatory statements caused him damage, financial loss, and injured his business reputation. (*Id.* ¶ 11.) Almblad is not required to provide "detailed factual allegations;" he need only give Defendants "fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation and quotations omitted). In considering all the facts alleged by Almblad, it is apparent his claim of defamation meets the standard of facial plausibility. *Iqbal*, 129 S. Ct. at 1949. Therefore, Defendants' Motion to Dismiss Count I of the Amended Complaint is denied.

*Lanham Act Claim*

Almblad's second claim alleges Scotsman violated the Lanham Act, by making "false or misleading representations of fact and in commercial promotion of its goods misrepresented the nature, characteristics and qualities of its goods and those of Robert Almblad." (Am. Compl. at 6.) Section 43(a) of the Lanham Act provides a civil action for false advertising:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--
>
> > (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> >
> > (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

> shall be liable in a civil action by any person who believes that he or she is likely to be damaged by such act.

15 U.S.C. § 1125(a).

Defendants argue Almblad is unable to state a claim for false advertising under the Lanham Act because Almblad is not a direct competitor of Scotsman and, therefore, lacks standing. "To sue for false advertising under the Lanham Act, the plaintiff must assert a discernible competitive injury." *Emerging Material Technologies, Inc. v. Rubicon Technology, Inc.*, Case No. 09 C 3903, 2009 WL 5064349, at *3 (N.D. Ill. Dec. 14, 2009) (quoting *Johnny Blastoff, Inc. v. L.A. Rams Football Co.,* 188 F.3d 427, 438 (7th Cir. 1999)). Courts in this district have held that "this requires the plaintiff and defendant to be direct competitors, in other words, that it competes at the same level of business as the defendant." *Emerging Material Technologies*, 2009 WL 5064349, at *3 (citations omitted).

Nowhere in the Amended Complaint does Almblad allege he is a direct competitor of Scotsman, or in the business of manufacturing ice machines for commercial use. At most, Almblad alleges he made his ice-decontaminating device available for licensing by Scotsman. (Am. Compl. ¶ 8.) Attempting to cure this deficiency of the Amended Complaint, Almblad attached two affidavits to his response to the Motion to Dismiss. One affidavit is of Almblad himself, in which he asserts his device, an air filter, would directly compete with Scotsman's products, which are designed to treat slime, mold, and airborne microorganisms in its ice machines. (Resp. Ex. A ¶ 2.) The second affiant is John Broadbent, a consultant for manufacturers in the refrigeration and food service industries and former employee of Scotsman. (Resp. Ex. B ¶¶ 1, 3.) Broadbent also avers that Almblad's air filter would "directly compete

with Scotsman products sold to combat scale buildup and airborne slime buildup in machine food zones." (*Id.* ¶ 8.)

Almblad never alleges what the nature of his business is in his Amended Complaint. What can be discerned from the Amended Complaint, read together with the affidavits, is that Almblad has a patent on a device that filters particulates in ice machines, which he sought to license to Scotsman. Scotsman is in the ice-machine manufacturing industry. Even under a broad reading of the allegations in the Amended Complaint, Almblad has not sufficiently pled facts to plausibly establish he is a competitor of Scotsman to support a false advertising claim. *See Emerging Material Technologies*, 2009 WL 5064349, at *3 (internal quotation marks and citation omitted); *see also Gail Green Licensing & Design Ltd. v. Accord, Inc.*, Case No. 05 C 5303, 2006 WL 2873202, at *5 (N.D. Ill. Oct. 5, 2006) (designer and licensor of pet clothing lacked standing to sue retailers and manufacturers of clothing and accessories for pets). Because Almblad has not pled a claim of competitive injury against Scotsman, this claim is dismissed without prejudice.

**CONCLUSION**

For the reasons provided above, Defendants' Motion to Dismiss is denied as to Count I, the defamation claim, and granted as to Count II, the Lanham Act claim. Count II of the Amended Complaint, Almblad's claim of false advertising under the Lanham Act, is dismissed without prejudice. Almblad may file an amended complaint to reallege this claim, if he can do so consistent with the requirements of Fed. R. Civ. P. 11, within thirty days of the date of this Order.

Date: __August 28, 2013__

                                                    JOHN W. DARRAH
                                            United States District Court Judge