# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT ALMBLAD, | ) |
| | ) |
| Plaintiff, | ) PLAINTIFF DEMANDS TRIAL BY |
| | ) JURY |
| | ) |
| v. | ) No. 13-cv-1297 |
| | ) |
| | ) |
| SCOTSMAN INDUSTRIES, INC., and | ) |
| KEVEN FINK, | ) |
| | ) |
| Defendants. | ) |

## SECOND AMENDED COMPLAINT AT LAW

### COUNT I

Now comes the plaintiff, ROBERT ALMBLAD, and complaining of the defendants, SCOTSMAN INDUSTRIES, INC. and KEVIN FINK, says:

1. The defendant, Scotsman Industries Inc., is a corporation duly organized and existing under the laws of the State of Delaware, which is authorized to do business in the State of Illinois and has as its principal place of business a facility in Vernon Hills, Illinois, which it describes to the public as its "Global Headquarters".

2. The defendant, Scotsman Industries Inc., is in the business of manufacturing ice machines for commercial use for distribution in the United States and other countries and at its aforesaid facility it concentrates its sales activities,

1

conducts product testing, accounting, marketing, engineering and administration of its global business.

3. The defendant Kevin Fink, a resident of the State of Colorado, was at all times herein mentioned Group Managing Director Americas of the defendant Scotsman Industries Inc.

4. The plaintiff, Robert Almblad, is a citizen of the United States and a resident of the State of Florida. The cause of action under this Count I is brought under the authority of 28 U.S.C. Sec. 1332, because of the diversity of the citizenship of the parties.

5. The amount or value of the matter in controversy exceeds $75,000, exclusive of interests or costs.

6. Prior to February 28, 2012, the plaintiff, Robert Almblad, initiated a process that caused him to recognize that ice made from commercial machines of the defendant Scotsman Industries, Inc. and other manufacturers was contaminated at the time of use because the design of such machines allowed for the intake of sewer gas during the manufacturing process of ice and he alerted the defendant Scotsman Industries, Inc. and other manufacturers of ice machines of his findings.

7. Prior to February 28, 2012, Robert Almblad invented and developed a device which, once installed in existing ice machines, eliminated the aforesaid contamination problem.

2

8. Prior to February 28, 2012, Robert Almblad made his findings known to Scotsman Industries, Inc. and made available to Scotsman Industries, Inc. his aforesaid device for licensing.

9. On or about February 28, 2012, the defendant Scotsman Industries, Inc. at its global headquarters in Vernon Hills, Illinois, composed a written defamatory statement for dissemination to the public falsely asserting that its products did not have the design defect identified by Robert Almblad and falsely asserting that Robert Almblad was making false claims about his own inventions for his commercial advantage, to-wit: among other things Scotsman Industries Inc. falsely asserted that engineering testing was conducted and it was determined that Scotsman Industries, Inc.'s ice machines did not draw in sewer gas from drains and also that its ice machines were equipped with a component that prevents dust from entering a food zone of the machines, as had been asserted by the plaintiff, Robert Almblad, rendering his inventions unnecessary.

10. On February 28, 2012, in a telephonic conference meeting of representatives of numerous ice making machine manufacturers, the general public and ice machine buyers convened by NSF, an Ann Arbor, Michigan based standards organization, the defendant Kevin Fink, on behalf of Scotsman Industries Inc., verbally, by speakerphone and by dissemination of the aforesaid written statement published the aforesaid defamatory statements.

3

11. The aforesaid defamatory statements were intended to and did cause damage and financial loss to Robert Almblad, and his reputation within the ice machine industry was diminished, to his economic loss, while creating economic gain for the defendants.

WHEREFORE, the plaintiff, Robert Almblad, demands judgment against the defendants, SCOTSMAN INDUSTRIES, INC. and KEVIN FINK, in the sum of $200 million dollars, plus costs.

## COUNT II

Now comes the plaintiff, ROBERT ALMBLAD, and complaining of the defendant, SCOTSMAN INDUSTRIES, INC. says:

1. The defendant Scotsman Industries Inc. is a corporation duly organized and existing under the laws of the State of Delaware, which is authorized to do business in the State of Illinois and has as its principal place of business a facility in Vernon Hills, Illinois, which it describes to the public as its "Global Headquarters".

2. Prior to February 28, 2012, the plaintiff, Robert Almblad, initiated a process that caused him to recognize that ice made from commercial machines of the defendant Scotsman Industries, Inc. and other manufacturers was contaminated at the time of use because the design of such machines allowed for the intake of sewer gas during the manufacturing process and he alerted the defendant Scotsman Industries Inc. and other manufacturers of ice machines of his findings.

4

3. Prior to February 28, 2012, Robert Almblad invented and developed a device which, once installed in existing ice machines, eliminates the aforesaid contamination problem and he started a business the purpose of which was and remains to sell, license or lease his aforesaid device to commercial ice machine end users.

4. Prior to February 28, 2012, Robert Almblad, having made his findings known to Scotsman Industries, Inc., made available to Scotsman Industries, Inc. his aforesaid device for licensing.

5. Commercial ice machines, including those manufactured by the defendant Scotsman, are known to accumulate slime, mold and airborne micro-organisms in the food zone, the elimination and/or removal of which is essential to proper usage of such machine.

6. A market exists, within the United States and elsewhere in the world where such aforesaid ice machines are operated, for maintenance products which remove or prevent the aforesaid accumulation of slime, mold and other airborne micro-organisms.

7. The defendant Scotsman, within the aforesaid market, sells maintenance cleaning products said to remove the aforesaid contaminates, while the plaintiff has entered this same market with his aforesaid device, which eliminates the aforesaid

contaminants, preventing their accumulation; hence, the plaintiff and defendant are direct competitors for the same potential customers.

8.    Ice machine end users who buy or lease the plaintiff's aforesaid invention would not need the defendant Scotman's maintenance products, diminishing Scotsman's market position.

9.    Robert Almblad is a citizen of the United States and a resident of the State of Florida who brings the cause of action set forth in this Count II arising under the authority of 15 U.S.C. Section 1125 (commonly known as the Lanham Act) which in pertinent part provides:

> § 1125. False designations of origin, false descriptions, and dilution forbidden
> (a) Civil action.
> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

10.    In violation of the aforesaid statue, the defendant Scotsman Industries, Inc., in connection with the inventions of Robert Almblad and its own goods used in commerce, on and after February 28, 2012, made false or misleading representations of fact and in commercial promotion of its goods misrepresented the nature,

characteristics and qualities of its goods and those of Robert Almblad, as exemplified by the false assertions of Scotsman Industries, Inc. recited in paragraph 9 of Court I of his Second Amended Complaint at Law, incorporated by reference herein.

11. The aforesaid violations of the defendant Scotsman Industries, Inc. caused damage to the plaintiff Robert Almblad in that potential buyers, leasees and licensees of his invention in the ice machine industry were misled as to the value of his invention and were discouraged from transacting business with the plaintiff, causing him great monetary loss and great monetary gain for the defendant Scotsman in the same aforesaid marketplace.

WHEREFORE, the plaintiff, Robert Almblad, demands judgment against the defendant, SCOTSMAN INDUSTRIES, INC., in the sum of $200 million dollars, plus costs.

ROBERT ALMBLAD,

/s/ Nicholas J. Motherway

Motherway & Napleton, LLP
Attorneys for Plaintiff
100 West Monroe Street, Suite 200
Chicago, IL 60603
(312) 726-2699
nmotherway@mnlawoffice.com