# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT ALMBLAD, )
)
Plaintiff, )
)
)
v. ) No. 13-cv-1297
)
)
SCOTSMAN INDUSTRIES, INC., and )
KEVIN FINK, )
)
Defendants. )

PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANTS SCOTSMAN INDUSTRIES, INC., AND
KEVIN FINK

TO: Matthew B. Mock
Charles Peters
Schiff Hardin, LLP
233 S. Wacker Drive, Suite 6600
Chicago, IL 60606

## INSTRUCTIONS

1. Pursuant to Rule 34 of the Federal Rules of Civil Procedure (FRCP), Plaintiff Robert Almblad submits the following request for production of documents from Defendants Scotsman Industries, Inc. and Kevin Fink

2. Pursuant to FRCP Rule 34(a), Plaintiff acknowledges that these requests are limited to the scope of FRCP Rule 26(b), and requests that when Defendants are unable to produce certain documents because they fall outside of such scope, Defendants will provide a brief explanation as to the reason why the documents fall outside the scope of the request.

3. If certain requests are duplicative of previous requests to which documents have already been produced, Defendants need not reproduce such documents but is requested to notify Plaintiff that such documents are among those already produced.

4. Pursuant to FRCP Rule 34(b)(2)(E), Plaintiff requests that when Defendants do produce the requested documents, including electronically stored information (ESI), Defendants will produce such documents or ESI as they are kept in the usual course of business or will organize and label them to correspond to the categories in the request.

5. Plaintiff requests that Defendants make a good faith effort to produce any and all requested documents that are readily ascertainable from Defendants.

## DEFINITIONS

A. The words "any" and "all" shall be read in the conjunctive and not in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request. Furthermore, the use of a verb in any tense shall be construed as the use of the verb in all other tenses and the singular form shall be deemed to include the plural, and vice-versa. The singular form of any noun shall be deemed to include the plural, and vice-versa.

B. "Communication" and "communications" means any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes, telegrams, facsimiles, electronic mail (email), memoranda, documents, writings, or other forms of communications, including but not limited to both oral and written communications.

C. "Copies of" as set forth in the Instructions to this motion means authentic duplicates of the originals as noted, kept, maintained, and organized by Defendants in the ordinary course of business.

D. Laboratory data, written reports and/or video recordings, correspondence, e mails, intra-office memos or any other writings relating to tests means all data, papers, and books, transcriptions, pictures, drawings or diagrams or every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or conversations by whatever means made, including written papers or memoranda which summarize oral conversations, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following: books; records; reports; contracts; agreements; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail (e-mail); facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; interand intra- office communications; photocopies; microfilm; maps; drawings; diagrams; sketches; analyses; transcripts; electronically stored information (ESI) and any other documents within defendant's possession, custody or control from which

information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English.

E. "**Electronically stored information**" and "**ESI**" means any Information on operational systems including accounting, financial, distribution, or manufacturing systems; E-mail; Instant Messages (IM); Web pages; text messages; cell phone data; Excel spreadsheets and underlying formulae; metadata; computer databases (i.e., Access); erased, fragmented or damaged data; mobile data; and anything stored on computer or other electronic means located on or in, but not limited to cache memory; optical disks; magnetic tapes/back-up tapes; magnetic disks (hard drive, floppy disks, etc.); PDAs; cell phones; IM tools; or USB drives.

F. The words "or" and "and" shall be read in the conjunctive and not in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request. The use of a verb in any tense shall be construed as the use of the verb in all other tenses and the singular form shall be deemed to include the plural, and vice-versa. The singular form of any noun shall be deemed to include the plural, and vice-versa.

G. "**Defendant**" or "**Defendants**" or Scotsman means the Defendant Scotsman Industries, Inc. and/or Kevin Fink and any and all of the agents, representatives, employees, servants, consultants, contractors, subcontractors, investigators, attorneys, and any other persons or entities acting or purporting to act on behalf of the Defendants.

## DOCUMENT REQUESTS

1. A copy of any and all laboratory data, written reports and/or video recordings, correspondence, e mails, intra-office memos or any other writings relating to tests conducted by Scotsman or others at its request or direction to determine air flow activity within Scotsman ice machines during their operation, **including but not limited to the tests referred to by Kevin Fink in remarks before NSF on February 28, 2012 in Ann Arbor, Michigan and any tests in which the participants included Rick Rochleau and/or Rick Kepler, to be produced within 30 days.**

Dated: 10/16/13                              Respectfully submitted,


                                             /s/ Nicholas J. Motherway

Nicholas J. Motherway
Motherway & Napleton, LLP
140 S. Dearborn, Ste 1500
Chicago, IL 60603
(312) 726-2699