UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT ALMBLAD,  )<br>  )<br>    Plaintiff, )<br>  )<br> v.      )<br>  )<br>SCOTSMAN INDUSTRIES, INC. and  )<br>KEVIN FINK,     )<br>  )<br>    Defendants. )<br>  )<br>  ) | Case No. 13-CV-1297<br><br>Judge John W. Darrah |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff, Robert Almblad ("Almblad"), has filed a Motion to Compel Discovery, seeking production of certain testing data from Defendants, Scotsman Industries, Inc. and Kevin Fink (collectively, "Scotsman"). For the following reasons, Almblad's Motion is granted.

### **BACKGROUND**[1]

Scotsman manufactures ice machines for commercial use. (Second Amended Complaint ("SAC"), Count I ¶ 1.) Almblad determined that a defect in the design of certain Scotsman ice machines allowed unwanted substances to enter the machine. (SAC, Count I ¶ 6.) Almblad invented a device to prevent this alleged problem. (SAC, Count I ¶ 7.) On February 28, 2012, Scotsman composed a written statement, which Scotsman later disseminated orally, asserting that Scotsman had performed tests of its ice machines and the problems alleged by Almblad did not exist.

---

[1] A complete account of the background of this case can be found in the previous Memorandum Opinion and Order, issued on March 26, 2014. (Dkt. No. 59.)

On September 16, 2013, Almblad filed the two-count SAC. On March 26, 2014, upon a motion brought by Scotsman, one of the two counts was dismissed. Proceeding on the remaining Count I, alleging defamation, Almblad now moves to compel Scotsman to produce certain testing results, which he argues are necessary to prove that Scotsman "falsely denied criticism by [Almblad] of [Scotsman's] ice machines, attributing base motives to [Almblad]." (Pl.'s Mot. to Compel at 2.) Specifically, Almblad alleges Scotsman:

> . . . composed a written defamatory statement for dissemination to the public falsely asserting that its products did not have the design defect identified by Robert Almblad and falsely asserting that Robert Almblad was making false claims about his own inventions for his commercial advantage, to wit: among other things Scotsman Industries Inc. falsely asserted that engineering testing was conducted and it was determined that Scotsman Industries Inc.'s ice machines did not draw in sewer gas from drains and also that its ice machines were equipped with a component that prevents dust from entering a food zone of the machines, as had been asserted by the plaintiff, Robert Almblad, rendering his inventions unnecessary.

(SAC, Count I ¶ 9.)

The parties agree that Scotsman has produced its tests regarding sewer gas and argue only for disclosure of tests and responses to interrogatories regarding "air flow."[2]

## LEGAL STANDARD

District courts are afforded broad discretion in matters of compelling discovery. *James v. Hyatt Regency Chicago*, 707 F.3d 775, 784 (7th Cir. 2013.) The general scope of discovery allows parties to "obtain discovery regarding any nonprivileged matter that

---

[2] Almblad's Motion also requests test results and other information produced after February 28, 2012, to which Scotsman initially objected. However, Scotsman has since produced post-February 28, 2012 documents related to sewer gas. (Defs.' Response at 5, n. 2.)

is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). However, this normally expansive grant should be limited when "the burden or expense of the proposed discovery outweighs its likely benefit . . . ." Fed. R. Civ. P. 26(b)(2)(C)(iii). A motion to compel is properly denied when the information sought is not relevant to a plaintiff's claims. *See Griffin v. City of Milwaukee*, 74 F.3d 824, 829 (7th Cir. 1996).

## ANALYSIS

Scotsman argues that documents related to airflow should not be discoverable because discovery is "limited to the specific alleged defamatory statements." (Defs.' Response at 3.) Even if this limit is accepted, Almblad's request does not exceed it. Almblad alleges that Scotsman defamed him by stating that his conclusions about Scotsman's ice machines were incorrect and offered in self-promotion. Specifically, Almblad asserts that Scotsman falsely asserted that its ice machines were equipped with "dustproof barriers," making Almblad's inventions unnecessary. Almblad now seeks discovery of any tests, including airflow tests, showing that no dust is present in the food zone of Scotsman's ice machines. This request is reasonably related to Almblad's allegations, and Scotsman's subsequent arguments that disclosure would be unduly burdensome and that the results are commercially sensitive are unpersuasive.

Yet, Almblad's discovery request is subject to reasonable limitations. Although Almblad should not be strictly limited by the precise words of the SAC, Almblad's contention that the phrase "among other things" put Scotsman on notice that Almblad

3

considered many statements not alleged in the SAC to be defamatory is not persuasive. Accordingly, Scotsman shall disclose any airflow test results or documents that demonstrate or disprove the passage of dust into the food zone.

## CONCLUSION

For the foregoing reasons, Almblad's Motion to Compel Discovery [61] is granted. Scotsman shall disclose forthwith any airflow test results or related documents which demonstrate or disprove the passage of dust into the food zone of Scotsman Industries Inc.'s ice machines.

Date:      June 18, 2014            _____
JOHN W. DARRAH
United States District Court Judge